UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-5763-GW-SKx | Date | August 25, 2026 |
| Title | *Able Events, Inc. v. Rocket Ball, Ltd., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULINGS ON DEFENDANTS ROCKET BALL, LTD., CLUTCH CITY SPORTS & ENTERTAINMENT L.P., TILMAN J. FERTITTA, PATRICK FERTITTA, THADDEUS BROWN, AND JAMES KRAMER'S MOTION FOR RULE 11 SANCTIONS AGAINST ABLE EVENTS, INC. [19]; DEFENDANT JASON MILLER'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF ABLE EVENTS INC. [29]; and**
**DEFENDANTS ROCKET BALL, LTD., CLUTCH CITY SPORTS & ENTERTAINMENT L.P., TILMAN J. FERTITTA, PATRICK FERTITTA, THADDEUS BROWN, AND JAMES KRAMER'S MOTION FOR DESIGNATION OF ABLE EVENTS, INC. AS A VEXATIOUS LITIGANT AND ENTRY OF A PRE-FILING ORDER [35]**

Attached is the Court's Tentative Rulings on the above-entitled Motions [19, 29, 35] set for hearing on August 27, 2026 at 8:30 a.m.

: 

Initials of Preparer JG

***Able Events v. Rocket Ball, Ltd***., Case No. 26-5763-GW-(SKx)
Tentative Rulings on Motions for Sanctions and Motion for Vexatious Litigant Designation

On March 12, 2026, plaintiff Able Events, Inc. ("Plaintiff") initiated this action against defendants Rocket Ball, LTD. d/b/a The Houston Rockets ("Rocket Ball"), Clutch City Sports & Entertainment L.P. ("Clutch City"), Tilman J. Fertitta, Patrick Fertitta, Jason Miller ("Miller"), Thaddeus Brown, and James Kramer (collectively, "Defendants") in the Superior Court of California, County of Los Angeles. *See* Complaint, Docket No. 1-2, Ex. A. Before the Court are: (1) the motion for sanctions under Rule 11 filed by defendants Rocket Ball, Clutch City, Tilman J. Fertitta, Patrick Fertitta, Thaddeus Brown, and James Kramer (collectively, the "Rocket Ball Defendants"), which seeks attorneys' fees and costs, *see* Motion for Sanctions #1 ("MFS #1"), Docket No. 19; (2) defendant Miller's motion for sanctions under Rule 11, which also seeks attorneys' fees and costs, *see* Motion for Sanctions #2 ("MFS #2"), Docket No. 29; and (3) the Rocket Ball Defendants' motion to designate Plaintiff a vexatious litigant and enter a prefiling order, *see* Vexatious Litigant Motion ("VLM"), Docket No. 35 (collectively, the "Motions"). Plaintiff has filed oppositions to all three motions. *See* Docket Nos. 38-40.

On August 10, 2026, the Court indicated its preliminary inclinations on the motions, ordered Defendants not to file reply briefs, and ordered that the parties meet and confer prior to the forthcoming hearing regarding a potential resolution of the motions. *See* Docket No. 42. The parties subsequently filed a joint report indicating that they had not reached a resolution on the motions. *See* Docket No. 43. The Court has considered the Motions and Plaintiff's oppositions, and for the reasons herein, the Court would **DENY** the Motions.

This action is one of eight attempts by Plaintiff, its principal Jonathan Kendrick, or their related entities to litigate claims in Texas, Florida, and California arising from a purported agreement to distribute and promote ROKiT beverage products at Landry's restaurants, allegedly negotiated in connection with Plaintiff's jersey-patch sponsorship agreement with the Houston Rockets. *See generally* Motions. On May 15, 2026, counsel for the Rocket Ball Defendants advised Plaintiff's then-counsel that the Rocket Ball Defendants intended to seek sanctions unless Plaintiff voluntarily dismissed the action. *See* Docket No. 19-10. On May 29, 2026, Plaintiff's then-counsel indicated in response that he intended to withdraw from representation of Plaintiff. *See* Docket No. 19-11. That same day, defendants Rocket Ball and Clutch City (collectively, the "Removing Defendants") removed this action to this Court. *See* Notice of Removal ("NOR"), Docket No. 1. On June 5, 2026, the Rocket Ball Defendants served Plaintiff with a motion for sanctions under Federal Rule of Civil Procedure 11. *See* Docket No. 19-14, Ex. B. On June 10, 2026, defendant Miller served Plaintiff with a separate motion for Rule 11 sanctions. *See* Docket No. 30-1, Ex. A. Plaintiff retained replacement counsel on June 26, 2026. *See* Declaration of Todd M. Lander, Docket No. 38-1, ¶ 2. On July 27, 2026, Plaintiff voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Docket No. 36. Notwithstanding Plaintiff's voluntary dismissal, Defendants ask the Court to resolve their motions for Rule 11 sanctions. In addition, on July 23, 2026, the Rocket Ball Defendants filed their separate motion seeking to designate Plaintiff a vexatious litigant and to enter a pre-filing order against it.[1] *See* VLM.

The Court first addresses the Rocket Ball Defendants' Vexatious Litigant Motion. The

[1] Although Plaintiff voluntarily dismissed this action, *see* Docket No. 36, the Court retains jurisdiction over matters collateral to the merits of the action. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Rocket Ball Defendants assert that this action is "the seventh of eight total attempts by Plaintiff Able Events, Inc., its principal Jonathan Kendrick, and/or their related entities to vexatiously relitigate the same issues . . . that they have raised in" three separate jurisdictions over six years. *See* VLM at 1. In addition to arguing that Plaintiff's claims here fail for a host of reasons, the Rocket Ball Defendants explain that before this action was filed, the Fifth Circuit had already affirmed the dismissal of "substantively identical" claims. *See id.*

Federal courts have inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Local Rules provide that an order declaring a party a vexatious litigant "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." C.D. Cal. L.R. 83-8.3. The Ninth Circuit has outlined four factors for district courts to examine before entering pre-filing orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "First, the litigant must be given notice and a chance to be heard before the order is entered." *Id.* (citation omitted). "Second, the district court must compile 'an adequate record for review.'" *Id.* "Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* Fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* The first two requirements are procedural, while the latter two are substantive. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). In applying the two substantive requirements, courts should also consider whether less restrictive sanctions would adequately protect the courts and the parties. *Id.*

The Court would conclude that Plaintiff's conduct in this case in the Central District of California does not warrant a vexatious-litigant designation. Because the third requirement is dispositive, the Court need not address the remaining requirements. *See Abrams v. BCMB1 Tr.*, No. 24-cv-01681-MWF-(Ex), 2024 WL 6963817, at *3-4 (C.D. Cal. Apr. 4, 2024) (denying a vexatious-litigant motion based on the third requirement and declining to address the remaining factors). "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014) (quotation marks omitted). Even where the filings are frivolous, the court must find that the number of complaints is inordinate. *Id.* Moreover, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (quoting *Molski*, 500 F.3d at 1059). Defendants have identified eight substantially similar attempts by Plaintiff, related entities, or related individuals to litigate the claims in this action. Even assuming that all eight attempts are properly attributable to Plaintiff, that number "does not rise to the inordinate quantity typically exhibited by vexatious litigants." *See Abrams*, 2024 WL 6963817, at *3-4 (declining to designate a plaintiff a vexatious litigant where the plaintiff had filed eight separate actions); *see also, e.g.*, *Molski*, 500 F.3d at 1050 (plaintiff "filed about 400 lawsuits in the federal courts within the districts in California"); *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (plaintiff filed 35 actions in 30 jurisdictions).[2] Because a pre-filing order should be a remedy of last resort, the present record does not justify imposing one. The Court would instead admonish Plaintiff for its conduct and caution Plaintiff that similar conduct in the future – particularly the continued

[2] The Court also notes that only one of the eight actions was filed in this district, and that action remains pending before Judge Wesley Hsu; the present action arrived in this Court only by removal. *See Kendrick v. Magni et al.*, No. 2:26-cv-06009-WLH-DMK (C.D. Cal. filed June 3, 2026).

assertion of claims that have already been rejected – may warrant sanctions or a vexatious-litigant designation.

Next, the Court addresses Defendants' motions for Rule 11 sanctions. The Rocket Ball Defendants and Defendant Miller separately seek attorneys' fees and costs under Rule 11. Rule 11(b) states that, by "signing, filing, submitting or later advocating" for a "pleading, written motion, or other paper," an attorney certifies that: "(1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b). A complaint that does not comply with any one of these requirements gives grounds for monetary sanctions. *See* Fed. R. Civ. P. 11(c).

Although this Court previously indicated that it was inclined to award as sanctions the fees and costs incurred in removing this action, *see* Docket No. 42, upon further consideration, the Court would conclude that Rule 11 does not authorize sanctions on these facts. Both motions for sanctions argue that Plaintiff's Complaint, *see* Docket No. 1-2, Ex. A, violates Rule 11 because it lacks legal and factual support, is frivolous, and was filed to harass Defendants. *See* MFS #1 at 8; MFS #2 at 12. Rule 11, however, applies only when a pleading or other paper is "present[ed] to the court." Fed. R. Civ. P. 11(b). Although a complaint originally filed in state court may become subject to Rule 11 if, after removal, the plaintiff urges its allegations in federal court, the complaint's filing in state court is not by itself sufficient. *See Buster v. Greisen*, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997). Here, Plaintiff did not sign, file, or submit the Complaint in this Court, and Defendants identify no pre-dismissal filing or other conduct through which Plaintiff later advocated the Complaint's allegations. Instead, Plaintiff's pre-dismissal conduct after removal consisted of retaining replacement counsel and then voluntarily dismissing the action. The period between removal and dismissal, standing alone, does not constitute the presentation or later advocacy of a paper within the meaning of Rule 11. Regardless of whether the Complaint lacked legal or factual support, its filing in state court cannot support Rule 11 sanctions under these circumstances. The Court understands that a related action filed in this district remains pending and is being litigated by *pro se* plaintiff Jonathan Kendrick, principal of Able Events, Inc. *See Kendrick v. Magni*, No. 2:26-cv-06009-WLH-DMK (C.D. Cal. filed June 3, 2026). To the extent any Defendants here are also defendants in that action, nothing in this Order precludes them from seeking appropriate relief based on conduct occurring in that matter.

Accordingly, the Court would: (1) **DENY** the Rocket Ball Defendants' Vexatious Litigant Motion; (2) **DENY** the Rocket Ball Defendants' Motion for Sanctions; and (3) **DENY** Miller's Motion for Sanctions.